Peter Justice.
There is no controversy on the state of the action as it respects Wm. Duer, who has given bail for the *378 full amount demanded by the plaintiff; and, it is conceded, that the process used on the present occasion, could not have been used in England. In that country, the outlawry in a civil case is, perhaps, an adequate remedy for the plaintiff; but it is always optional with the defendant; whether he will submit to the rigor of the proceeding, or enter special bail. In Pennsylvania, likewise, a remedy has been introduced by long usage; the plaintiff being allowed; if he pleases, to proceed, at once, against the defendant who is arrested : And now, as the laws of the United States have prescribed no specific mode for a case of this description, it is proposed, under the authority of the 14th section of the Judicial act, that the Court shall frame, or rather sanction, a new form of writ, which the plaintiff deemadequate to the purpose, and consistent with the principles and usages of law. But I am not a friend to this species of Judicial legislation ; nor do I think it necessary, or proper, to exercisethe power of the Court, in the present instance ; even admitting the existence of the power to the extent contended for. It appears sufficient to my mind, to defeat the present motion, that the alias is not tested at the return of the original capias, nor-made returnable at the next ensuing term. 5 Com. Dig. 239. There is no principle, or usage of law, that will sanction the idea of giving a retrospective teste, as far back as April term 1792, to an alias capias issued in August 1796. I am, therefore, clearly of opinion, that, on this ground alone, both the rules must be discharged.
Iredell, Juctice.
I agree, in substance, with the opinion of my brother Peters. Whatever idea may be entertained of the authority of the Court, to adopt the practice of Pennsylvania, or to devise a new form of process upon the principles and usages of law, it does not appear to me, that the plaintiff would be regularly entitled, under the present circumstances, to the benent of either proceeding : For, there is no effectual mode of issuing an alias capias, but by testing it of the term to which the original writ was returned.
The practice of Pennsylvania may be reasonable ; and its antiquity at least would certainly entitle it to respect; but that practice goes no farther, than to give to the Plaintiff an option, either to suspend his proceedings ’till the non-appearing defendant can be arrested, or to waive, on filing a declaration, all chance against him, and enforce the suit only against the defendant, who is taken on the capias. In the present instance, it may have been expedient to adopt the latter course of the alternative; on account of M. Holker’s permanent residence in another State ; but being adopted, the plaintiff is bound by it, and cannot; even on the principles of the Pennsylvania practice, avail *379 himself of Mr. Holker's casual visit to Philadelphia, without discontinuing the first action. What, indeed, would be the condition of the defendant, who is arrested, if a different construction were to prevail ? He might be ready for trial; he might be able to prove that there was no cause of action ; he might be desirous to avoid trouble and expence by a prompt confession of judgment; or he might be the principal, and the non-appearing defendant merely a surety, so that he could derive no advantage from the arrest of his colleague ;—and yet he would be exposed to an indefinite term of imprisonment, or be held with his bail for an indefinite period in suspense, at the pleasure of a plaintiff, who should chuse to calculate upon any remote possibility of bringing all the defendants into Court. The injustice and oppression to the defendant, furnishes a strong argument againsthe allowance of such a privilege to the plaintiff.
It is conceded, however, by the plaintiff’s counsel, that the motion would be irregular, unless leave is given to file common bail for Mr. Holker, as of April term 1792, when the original action was instituted. But why should such a retrospect be allowed ? Mr. Holker was not then arrested ; and shall the Court countenance a mere fiction;—a fiction not indispensable to justice, unknown in the law, and directly adverse to the truth of the case, exhibited for a number of years upon the record ? No :—I am an enemy to every species of fictions. The fictions which have been incorporated into the law by long usage, (and, I believe, the cases of ejectment and common recovery afford the only fictions recognized in America) must be sustained ; but as far as I can prevent the introduction of novelties of this nature, I shall be assiduous to do so. All the entries upon the record were true and regular at the time of making them. There is, therefore, no error to amend; but the Court is asked, for the convenience of the United States, arbitrarily to abolish the writ and its return, the declaration, the issue, and the continuances; and not only to undo all that has been previously done, but by an entry of common bail, to ingraft, in effect, this falshood upon the record, that Mr. Holker was arrested in April 1792.
But after all, I will not anticipate an opinion, upon a case, in which an Alias shall be regularly taken out, and continued, from term to term ; though my present impressions are unfavorable, even on that ground, to the plaintiff’s doctrine. The multiplication of suits, the perplexity of entries, and the oppressive vexation of successive bail bonds, each for the full amount of the demand, are effects that could not be easily tolerated in the administration of justice. I have not heard, during the discussion, of any principle, or usage, of law, that would reconcile them to my mind : but this is not the foundation of the present decision ; for, the irregularity in the teste and return *380 of the Alias Capias is a sufficient reason to reject the plaintiff’s notion.
The rules discharged.*

 The cause (which was Indebilatus Assumpsit) same on for trial before Chase and Peters, Justices, at April term 1798, when, after the opening was commenced by Rawle, for the Plaintiff, it was discovered, that the plea of “ non assumpit" was entered in short, and that the Statute of Limitations had, also, been pleaded ; though the Jury were only sworn to try the issue, and not the issues, joined between the parties.
Chase, Justice, The whole proceeding is to my mind unintelligible and irregular. There is only one of the parties to the contract, and only one of the defendants named in the writ, before the Court; and no process of outlawry has been prosecuted against the others: how shall we proceed to give judgment ? Again : to what is the plea of non assumpsit to be applied ? Is it, that the appearing defendant did not assume-himself, or that he did not jointly assume with the other defendants ? And how comes the plea of the Statute of Limitations to be added, without the leave of the Court ? But the counsel will have time to reflect upon there difficulties. For, the Jury are not sworn, even in this irregular slate of the record, to try the issues between the parties ; an, therefore, the Court, on its on authority, will direct the Juror last n qualified to be withdrawn.
A Juror was accordingly, withdrawn, and the action continued 'till the next term.